UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ACRISURE OF CALIFORNIA, LLC, | Case No. 1:25-cv-00586-PLM-SJB |
| Plaintiff, | Honorable Paul L. Maloney |
| v. | |
| RYAN BEDROSIAN, | |
| Defendant. | |

---

## TEMPORARY RESTRAINING ORDER

---

This matter is before the Court on Plaintiff Acrisure of California, LLC's ("Acrisure") Motion for Temporary Restraining Order and Preliminary Injunction. Acrisure seeks to enjoin its former employee, Defendant Ryan Bedrosian ("Bedrosian"), and all persons in active concert or participation with him, from taking any actions that violate the employment agreement between Acrisure and Bedrosian, including Bedrosian's employment with and provision of services to Alliant Insurance Services, Inc. or its affiliates ("Alliant").

This Court has reviewed the Verified Complaint for Injunctive Relief, Motion for Temporary Restraining Order and Preliminary Injunction, Brief in Support, Declaration of Andrew Schutt and accompanying exhibits and all other papers herein. Acrisure effected service of process on Bedrosian through Bedrosian's legal counsel on May 22, 2025. (ECF No. 7, PageID.47.) Acrisure served its Motion for Temporary Restraining Order and Preliminary Injunction and supporting papers and exhibits on counsel for Bedrosian.

The decision to grant a temporary restraining order falls within the discretion of a district court. This Court finds that based on the foregoing, Acrisure does not have an adequate remedy

at law and the actions of Bedrosian will cause immediate and irreparable injury to Acrisure by injuring Acrisure's goodwill with customers and employees, injuring Acrisure's interest in its confidential information, and unfair competition. The Court further finds that Acrisure has established a likelihood of success on the merits of its claims; that issuing a temporary restraining order would not substantially harm Bedrosian more than failing to issue a temporary restraining order would harm Acrisure; and that the public's interest is best served by granting a temporary restraining order. Therefore, pursuant to Fed. R. Civ. P. 65(b),

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

A.  This Order will expire, absent modification or extension by this Court or stipulation of the Parties, fourteen (14) days from the date and time after entry of this Order;

B.  Bedrosian, and all persons in active concert or participation with him, is restrained and enjoined from, directly or indirectly, engaging in competition with Acrisure or Acrisure's Affiliates (collectively, "Employer") or Employer's Business, as those terms are defined and used in Paragraphs 12 and 13 of the Employment Agreement between Acrisure and Bedrosian attached as Exhibit 1 to the Verified Complaint (ECF No. 1-1, PageID.18.) (the "Employment Agreement");

C.  Bedrosian, and all persons in active concert or participation with him, is restrained and enjoined from, directly or indirectly, contributing his knowledge or abilities, whether as an employee, contractor, director, officer, agent or otherwise, to any person or company that competes with Employer, including Alliant or its affiliates, as set forth in Paragraph 12 of the Employment Agreement;

D.  Bedrosian, and all persons in active concert or participation with him, is restrained and enjoined from, directly or indirectly, employing or assisting Alliant or its affiliates in employing any person who is employed by Employer or who was employed by Employer during the one year term preceding the employment or assistance, as those terms are defined and used in Paragraph 12 of the Employment Agreement;

E. Bedrosian, and all persons in active concert or participation with him, is restrained and enjoined from, directly or indirectly, soliciting business of the type performed by Employer from any person or company that is Employer's customer at the time of such solicitation, or who was a customer of Employer during the one year period preceding the solicitation, as set forth in Paragraph 12 of the Employment Agreement;

F. Bedrosian, and all persons in active concert or participation with him, is restrained and enjoined from, directly or indirectly, persuading any person or company that is Employer's customer at the time of such persuasion, or that was Employer's customer during the one year period preceding the persuasion, to cease doing business with or to reduce the amount of business done with Employer, as set forth in Paragraph 12 of the Employment Agreement;

G. This temporary restraining order is binding upon Bedrosian and all persons in active concert or participation with him who receive actual notice of this order; and

H. In the Court's discretion, the security requirement of Fed. R. Civ. P. 65(c) is WAIVED.

**IT IS SO ORDERED.**

Date: June 3, 2025

/s/ Paul L. Maloney
Hon. Paul L. Maloney
United States District Judge